## MANVILLE v. KARST.[*]

(*Circuit Court, E. D. Missouri.* June 4, 1883.)

CORPORATIONS — STOCKHOLDERS — DOUBLE-LIABILITY CLAUSE — JUDGMENT OBTAINED BY COLLUSION.

Where A., a stockholder in an insolvent bank, became liable in the sum of $1,200, under a double-liability law, to the creditors of the bank, and was sued for that amount by B., an admitted creditor; and A. a few days thereafter, and before judgment could be had in the ordinary course, agreed with C. that if the latter would buy up claims against the bank to the amount of his liability he would confess judgment in his favor, and C. accordingly bought up claims to that amount at a large discount, from a stockholder in said bank, and A. confessed judgment in his favor for the full amount of the claims, and paid the same, *held*, that such judgment and satisfaction could not be pleaded in bar to the suit brought by B.

Motion for a New Trial.[†]

*Edward Cunningham*, for plaintiff.

*C. C. Pearce*, for defendant.

TREAT, J. Inasmuch as there can be no review in this case the most careful consideration has been given to the law, facts, and circumstances involved. As intimated in the opinion heretofore rendered, many of the cases cited rested more on technical than on meritorious considerations. If the whole subject were *de novo* before this court, conclusions might be reached as to some aspects of like cases differing from those quoted.

If a stockholder, under a double-liability clause, cannot escape his responsibility, as decided elsewhere, by a set-off of the corporation's

*Reported by B. F. Rex, Esq., of the St. Louis bar
†See 16 FED. REP. 173.

indebtedness to him, why should he be permitted to transfer the same to another stockholder, after his liability is fixed, or to a third person, whereby his relationship or obligations as stockholder become virtually changed so far as said indebtedness is concerned?

It is said if a stockholder buys indebtedness of the corporation, and turns the same in as payment of his stock, he is discharged *pro tanto*, no matter what the discount on said purchase. If that be so, then the stockholders of an insolvent corporation enter upon a race of diligence, in the course of which not only other stockholders, but also other creditors, may suffer. If, for instance, the assets of the corporation, of which the stockholder's liability is really a part of the principal, amount merely to 10 per cent. of the indebtedness, why should not each creditor share equally? If, on the other hand, one creditor, through diligence, obtains priority of right, why should the defendant stockholder be rigidly held to the priority obtained? Why should he, after suit brought, whereby notice is given to him, not be held to the payment of the specified demand? If he can, before charged with notice from a creditor, pay or buy an outstanding demand against the corporation, and receive credit therefor, and, on the other hand, if his liability is fixed, on notice given, so as to exclude subsequent purchases and payments, why is not such liability definitely fixed when suit is brought against him and service had? What more potent notice is known to the law?

If, then, after such notice of the plaintiff's claim, he chooses by the hand of a friend, through confession of judgment, to pay the amount of his liability as stockholder to a third person, should such a transaction be upheld, whereby a fraud is necessarily worked on the original plaintiff? It is said that the institution of the suit works no lien on the fund, and it has been so held, and consequently, the technical rules as to liens cannot obtain. Still, notice given, it is held, fixes rights of priority. By whatever technical terms the respective rights are designated, it is clear that when suit was brought by plaintiff and service had on the defendant, the latter could not defeat plaintiff's right of recovery by confessing judgment in favor of another person, friendly or otherwise, who subsequently instituted a suit on an understanding that judgment would be confessed.

It is well known that some of the decided cases intimate that such a course is allowable; but, as has heretofore been said by this court, if the rule be otherwise than as laid down in this case, then the door is opened wide to fraud, and the statute for double liability is futile.

It requires very little acquaintance with ordinary matters to know that in cases like the present, if any other rule is to prevail, double liability of stockholders may be easily evaded. Generally, those conversant with the corporation affairs would know of, and could buy, outstanding indebtedness to a sufficient amount, possibly at a heavy discount, to wholly discharge the liability of stockholders, leaving general creditors remediless.

The motion for new trial is overruled.